UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



2019 NOV 18 A 11: 17

DEBRA P. HACKETT CLK
US DISTRICT COURT
MIDDLE DISTRICT ALA

KENNETH KNIGHT

V                                            Civil Case No: 2:19-CV-901

WALTER WOOD, WARDEN

APPLICATION FOR HABEAS CORPUS

**APPEARING**, Petitioner **Kenneth Knight**, does hereby request this court provide habeas corpus relief, for the following reasons:

1) Petitioner, has recently notified his sentencing court, that it does not have/hold jurisdiction over any process of law, which would bring relief to Petitioner; therefor, pursuant to the rule of law, this court, is the <u>only</u> court empowered to remedy Petitioners illegal detention;

2) Petitioner was unlawfully charged with 18 USC § 371 of the Code; this was not allowed due to (2) jurisdictional issues;

A) The originating court, did <u>not</u> have its federal judicial powers as supported by Article III, of the US Constitution, envoked lawfully; therefor, any judgment entered was without federal authroity. This brings about a VOID judgment. **"Because jurisdiction, is power to declare the law, if a court lacks jurisdiction, the court may not address the merits, but must only announce the fact and dismiss the cause."** 784 F.3d 984, Hotze v. Burwell, April 2015, 5th COA, Judge Jolly delivering

the opinion for the court.

B) The originating court also failed to have and hold subject matter jurisdiction, as there was no injury or attack against the "United States of one of its agencies" as outlined in 18 USC § 371;

additionally, there was no predicate offense underlying in the charging instrument, and of course:

The court lacked authority, to even reach "merits" issues regarding Petitioner and his alleged misconducts. (renting a commercial building to a Doctor from Atlanta)

3) in the 5th Circuit Burwell holdings, the courts also found: **"Specifically the defendants jurisdiction argument is that two procedural obstacles-one constitutional, one statutory- prevent our reaching the merits of this appeal. We agree."**

This is exactly the reason that Petitioner has presented to the originating court in a motion to it, notating its complete lack of jurisdiction. (See Case NO 15-138 US District Court ED of Louisiana)

This court, is the ONLY federal court of instance, which can remedy Petitioners illegal detention. **"a person imprisoned under a void judgment,...will be released by a writ of habeas corpus."** (see ex parte, Sawyer 31 LED 402, 124 US 200 Supreme Court)

A <u>VOID</u> judgment, as defined by Blacks Law is:"**A judgment that has no legal force or effect.**" (10th Ed. pg. 973)

Since the originating court, was not authorized under Article III, to "extend its federal judicial powers" (See: Art. 3, sec. 2, cl. 1) to what amounts to a specious, abstract, the judgment(s) entered are VOID, and cannot be "vacated", they are simply a legal nullity.

4) This court must first satisfy it has jurisdiction, over this application; "....**this court must first satisfy itself of our own jurisdiction, is a rule without exeception: "Without jurisdiction, the court cannot proceed at all in any cause." Steele Con, 523 U.S. at 94** (quoting ex parte McCardle, 74 U.S. 506, 514, 19 L.ED 264 (1868))(as relied on in Frank Amodeo v United States 916 F.3d 972, Feb 2019)

This court of course holds jurisdiction of this "Controversy" as it involves clear allegations of illegal detention, (envoking Article III) and habeas corpus, being the subject matter, (28 USC § 2241) is covered under legislation, and congressional intent.

5) The originating court lacked in the authority to enter a final judgment, and as such, further sending this albatross to this court: " **With respect to § 1291, "an order is final only when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."**(United States

v Branham, 690 F.ed 633, (5th Cir 2012)(as relied on in 915 F.ed 1005, United States v Pittman, Feb 2019)

Therefor, this further supports the factual basis, that without Article III authority, the originating court could not even attempt to "reach the merits", and therefor, the originating court judgment is not only "not final", yet is VOID as argued supra.

## RELIEF REQUESTED

6) Petitioner request this court, issue an immediate order, requesting the following:

    A) Respondent, show cause, why Petitioner should not be released, due to the allegations of illegal detention, due to VOID judgment;

    B) A ruling and determination of factual basis findings, from Petitioners criminal case, showing the originating court did not have the Constitutional right to issue any judgment, and that such judgment is in fact, and law, VOID;

    C) An ORDER requiring the Maxwell AFB FPC, to immediately release Petitioner;

Submitted this 14th day of November 2019

*Kenneth Knight*
Kenneth Knight

CC: Hand Copy delivered to Warden Walter Wood

Dear Clerk of Court

Please find enclosed the following:

RECEIVED
2019 NOV 18 A 11: 17

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

1) Habeas Petition for DAVID WEBB
2) Habeas Petition for KENNETH NIGHT
3) Copy of Mandamus RE: Carlos Becerra;
4) Copy of Mandamus RE: Frank Pate
5) Habeas for Luis Bonilla

Thank you for your time and attention to these matters,

David Webb

Kenneth Knight

Carlos Becerra

Frank Pate

Frank Pate 30150708
Maxwell AFB FPC
Montgomery AL 36112



7015 1730 0000 4660 3939



US District Court
One Church St
B-110
Montgomery AL, 36104

LEGAL