UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-138 |
| KENNETH KNIGHT | SECTION M (3) |

## ORDER & REASONS

Before the Court is defendant Kenneth Knight's *pro se*[1] motion for declaratory relief pursuant to 28 U.S.C. § 2201, in which he seeks a declaration that he has the right to keep and bear arms despite the fact that he was convicted of a felony.[2] The government responds in opposition, arguing that this Court lacks jurisdiction over Knight's motion for declaratory relief because there is no actual case or controversy remaining in this concluded criminal proceeding.[3]

Having considered the parties' memoranda, the record, and the applicable law, the Court finds that it does not have jurisdiction over Knight's motion. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides "[i]n a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or

---

[1] Although the Court construes *pro se* filing liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

[2] R. Doc. 272 at 1-2. On January 5, 2017, Knight and his co-defendant, Dr. Barbara Bruce, were charged in a superseding bill of information with a single count of conspiring to dispense, outside the scope of professional practice and not for a legitimate medical purpose, quantities of oxycodone (and other controlled substances) in violation of 18 U.S.C. § 371. R. Doc. 113. Section 371 has a maximum term of imprisonment of five years. 18 U.S.C. § 371. The charges stem from Knight's ownership of, and Dr. Bruce's working at, Axcess Medical Clinic, Inc., a medical practice that was run as a pill mill. R. Docs. 79; 113; 116. On January 5, 2017, Knight pleaded guilty to the superseding bill of information pursuant to a negotiated plea agreement. R. Docs. 115; 116; 118. On February 21, 2019, this Court sentenced Knight to 60 months' imprisonment, to be followed by two years of supervised release, and imposed a $15,000 fine. R. Doc. 252.

[3] R. Doc. 276. The government also argues that, if this Court had jurisdiction over Knight's motion, it should either: (1) exercise its discretion to deny the motion without reaching the merits because (a) Knight's possession of firearms is a hypothetical scenario and (b) his motion lacks a robust discussion of the constitutionality of 18 U.S.C. § 922(g)(1); or (2) deny the motion because § 922(g)(1) is constitutional as applied to Knight, meaning that, as a convicted felon, he does not have the right to possess firearms. R. Doc. 276 at 2-4.

could be sought." However, "[t]he Declaratory Judgment Act … alone does not provide a court with jurisdiction." *California v. Texas*, 593 U.S. 659, 672 (2021). "At a minimum, this means that the dispute must be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (quotations omitted). This case is a criminal prosecution that has concluded. Knight's motion for declaratory relief, which does not challenge his conviction, sentence, or any other issue within the criminal case, is collateral to the concluded criminal prosecution and, because it has no bearing on the underlying controversy, this Court lacks jurisdiction to consider Knight's arguments. Accordingly, for the foregoing reasons,

    IT IS ORDERED that Knight's motion for declaratory relief (R. Doc. 272) is DENIED.

    New Orleans, Louisiana, this 7th day of January, 2025.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE